UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DARLENE KENT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-211 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On May 23, 2017, Plaintiff Darlene Kent filed this suit in the 122nd Judicial District Court of Galveston County, Texas, alleging that she was injured while she was shopping at a Wal-Mart store in Kemah, Texas. Kent alleges that she slipped in water that accumulated on the floor because the store's roof had been leaking. Dkt. 1-2.

Defendant removed the lawsuit to this Court on June 30, 2007. Dkt. 1. On October 24, 2017, the Court entered a docket control order, and the deadline for motions to amend pleadings was December 4, 2017. Dkt. 15. Discovery has been ongoing, evidenced by Defendant's filing several "Notice[s] of Supplemental Disclosures." Dkt. 16, 17, 18.

In early January 2018, Kent sought permission to file a motion to amend her complaint, stating that she wished to add an allegation of gross negligence and a request for "punitive damages based on Gross Negligence". Dkt. 19. On January 19, 2018, Kent filed her motion to amend, along with a proposed amended complaint setting out her allegations of gross negligence. Dkt. 22. Wal-Mart opposes the motion to amend, contending that the proposed amendment is futile, and that the proposed Amended Complaint fails to state a claim because it "contains unsubstantiated, blanket, and conclusory statements as to gross negligence." Dkt. 23.

A.  **Standards for Motions to Amend**

Plaintiff filed her motion to amend after the deadline for amended pleadings in the scheduling order. Accordingly, the Court applies Federal Rule of Civil Procedure 16(b), which states deadlines in a scheduling order "may be modified only for good cause and with the judge's consent." *Marathon Financial Insurance, Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting FED. R. CIV. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). To determine whether the moving party has established "good cause," courts consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon*, 591 F.3d at 470 (quoting *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

If a movant succeeds in establishing "good cause" to extend the scheduling order, courts then analyze the motion to amend under the standards of Federal Rule of Civil Procedure 15(a). *S&W Enterprises*, 315 F.3d at 535. Rule 15(a) states that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) provides "a strong presumption in favor of granting leave to amend." *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Nevertheless, "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United*

*States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

It is this last point that Wal-Mart emphasizes. Wal-Mart contends that the Amended Complaint would be "futile" as it is fatally flawed due to its failure to satisfy the pleading standards applicable in federal court.

### B. Pleading Standards: Federal Rules, *Twombly*, and *Iqbal*

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. *Cloud v. United States*, 536 U.S. 960 (2002). When considering a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Ramming*, 281 F.3d at 161.

But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Fifth Circuit has explained that this standard "includes the basic requirement that the facts plausibly establish each required element for each legal claim." *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014). Caselaw is clear that ""a formulaic recitation of the elements of a cause of action will not do...." *Twombly*, 127 S. Ct.

at 1965. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### C. Premises Liability and Gross Negligence in Texas

The Texas standards for premises liability claims have been ably set out in other cases from this District. *See, e.g., Lowery v. Wal-Mart Stores Texas, LLC*, 4:17-CV-0166, 2017 WL 999259, at *3–4 (S.D. Tex. Mar. 15, 2017) (Atlas, J.) ("Premises liability, a species of negligence, requires a plaintiff show existence of a duty, breach of that duty, and damages suffered by the plaintiff that were proximately caused by the breach. . . . In Texas, a property owner or occupier owes invitees a duty to use ordinary care to reduce or to eliminate an unreasonable risk of harm created by a premises condition that it knew or should have known about.") (internal citations omitted). In addition to actual damages, a plaintiff may also recover exemplary damages on a premises liability claim if, after satisfying the underlying elements, she can also demonstrate "by clear and convincing evidence" that the defendant was grossly negligent. *See* TEX. CIV. PRAC. & REM. CODE § 41.003(a)(3). In this context, "gross negligence" is defined by statute as

> an act or omission:
>
> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE § 41.001(11). Both the Fifth Circuit and Texas courts have observed that the "extreme degree of risk" required here "'is not a remote possibility of injury or

even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff.'" *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), certified question answered, 465 S.W.3d 193 (Tex. 2015*)* (quoting *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)). Further, this "extreme degree of risk" is a "function of both the probability and magnitude of the anticipated injury to the plaintiff." *Kovaly v. Wal-Mart Stores Texas, LLC*, 157 F. Supp. 3d 666, 670 (S.D. Tex. 2016) (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994), superseded by statute on other grounds as stated in *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 140 (Tex. 2012)). But establishing a defendant's "actual, subjective awareness" of such an extreme risk "does not require proof that the defendant anticipated the precise manner in which the injury would occur or be able to identify to whom the injury would befall." *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012).

### D. Proposed Amendments

With these standards in mind, the Court now turns to Kent's proposed amendments. As in her live pleading, she alleges that "the [store] roof was leaking prior to Plaintiff's fall" and that Wal-Mart was generally negligent in various ways. In her new paragraphs stating a claim for "Gross Negligence," Kent provides only the standards set out in the Texas Civil Practice and Remedies Code. She does not allege any facts to show how the pooling of water on the store floor posed "an extreme degree of risk," nor does her proposed amended complaint allege sufficient facts to support even a reasonable inference that Wal-Mart had the requisite "actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others."

Because Kent's proposed amended complaint does not plead sufficient facts to support her allegation of gross negligence, the Court finds that her proposed amendment would be futile.

*See, e.g., Alex Garcia Enterprises, Inc. v. Clear Channel Communications, Inc.*, SA-14-CA-365-FB, 2014 WL 12580045, at *8 (W.D. Tex. May 19, 2014), report and recommendation adopted, SA-14-CA-365-FB, 2014 WL 12580046 (W.D. Tex. June 10, 2014) (finding plaintiff's proposed amendment was "futile" under Rule 15 and denying motion to amend).

Accordingly, the Court **DENIES** the motion to amend.

SIGNED at Galveston, Texas, this 20th day of February, 2018.

_____
George C. Hanks Jr.
United States District Judge